McManus v. Cheshire County, NH          CV-96-223-SD   10/10/96
                    UNITED STATES DISTRICT COURT FOR THE

                        DISTRICT OF NEW HAMPSHIRE


Patrick F. McManus

        v.                                      Civil No. 96-223-SD

Cheshire County,
 New Hampshire


                              O R D E R


        Defendant Cheshire County moves for a stay of proceedings in
this court pending resolution of an appeal in a parallel case
which is currently pending in the New Hampshire Supreme Court
(NHSC).  Document 11.  Plaintiff objects.  Document 12.


1.  Background

        The focus of this case is on plaintiff's discharge from his
employment as administrator and superintendent of the Cheshire
County Nursing Home, Farm, and Jail.  The complaint alleges
violations of plaintiff's federal civil rights and includes
pendent claims under state law.[1]

_____

        [1]The state law claims include a constitutional challenge to
a state statute on vagueness grounds, breach of contract, breach
of the covenant of good faith and fair dealings, and violation of
the New Hampshire "Right to Know" law, Revised Statutes Annotated
(RSA) 91-A.

As of this writing, the deadline in this court for filing dispositive motions is November 1, 1996. The estimated trial date is October 1997.[2]

The pending appeal to NHSC is from the administrative discharge actions of defendant as embodied in the actions of the county commissioners and county personnel committee. The governing statute is RSA 28:10-a, III. That statute vests the county personnel committee with the power of hearing on notices of discharges or suspension of employment, and the results of such hearing are subject to rehearing and appeal as provided in RSA 541.[3]

---

[2]These dates were agreed upon by counsel and set forth in their report of a planning meeting held pursuant to the requirements of Rule 26(f), Fed. R. Civ. P., and Local Rule 26.1(f). The report of the planning meeting was approved and adopted as the preliminary pretrial order of this court on August 13, 1996.

[3]Appeals of administrative actions under RSA 541 do not provide for discovery. The burden of proof is set forth in RSA 541:13, which provides,

> Upon the hearing the burden of proof shall be upon the party seeking to set aside any order or decision of the commission to show that the same is clearly unreasonable or unlawful, and all findings of the commission upon all questions of fact properly before it shall be deemed to be prima facie lawful and reasonable; and the order or decision appealed from shall not be set aside or vacated except for errors of law, unless the court is satisfied, by a clear preponderance of the evidence before it, that such order is unjust or unreasonable.

Plaintiff represents to the court that the NHSC appeal has not as yet been set down for oral argument and that any decision therein is a year or more away.

2. Discussion

In Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976), the Supreme Court "established a narrow basis for district courts to stay or dismiss federal lawsuits in deference to parallel state proceedings." Elmendorf Grafica, Inc. v. D.S. America (East), Inc., 48 F.3d 46, 50 (1st Cir. 1995). In "exceptional" circumstances, jurisdiction may be declined "based on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Id. (citing and quoting Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 15 (1983) (internal quotations and additional citations omitted)).

Colorado River mentioned the following four illustrative factors to determine whether "exceptional circumstances" exist: (1) whether either court has assumed jurisdiction over *res*; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the forums obtained jurisdiction. Two additional factors were added

3

in <u>Moses H. Cone</u>: (5) whether state or federal law controls; and (6) the adequacy of the state forum to protect the parties' rights. Another factor countered by some courts is the vexatious or reactive nature of the federal lawsuit. <u>Elmendorf Grafica, Inc.</u>, <u>supra</u>, 48 F.3d at 50.

Defendant suggests the NHSC appeal will limit the number of issues to be tried in this court; the NHSC will interpret the state statute which plaintiff claims defendant to have violated; and a stay will promote judicial economy and avoid inconsistent results. Plaintiff argues that the NHSC appeal will not resolve the federal civil rights claim, the breach of contract claims, or the claim of violation of the right-to-know law, RSA 91-A.

The court has reviewed the questions to be presented in the appeal before NHSC in light of the factors concerning the existence of "exceptional circumstances" in connection with a motion for stay of proceedings. There is no inconvenience in the federal forum which, at least in part, must apply federal law. The NHSC cannot decide all of the issues presented in the federal litigation, and it appears that the trial of the federal case may well be had before a ruling issues on the NHSC appeal.

> When a district court decides to dismiss or stay under <u>Colorado River</u>, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it

4

> would be a serious abuse of discretion to grant the stay or dismissal at all.

Moses H. Cone, supra, 460 U.S. at 28.

Clearly, there is here a substantial doubt that the pending appeal before NHSC will completely and promptly resolve the issues between the parties in this litigation.


## 3. Conclusion

For the reasons hereinabove set forth, the court finds and rules that the motion for stay must be and it is accordingly herewith denied.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

October 10, 1996

cc:  Jonathan S. Springer, Esq.
     Donald E. Gardner, Esq.
     Kathleen C. Peahl, Esq.

5